■ JENNIFER LARKIN et al., Appellants, v COMMERCIAL PAINT, INC., et al., Defendants, and CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Linakis, J.), entered September 22, 1981, which in effect, denied plaintiffs' motion to direct compliance with their notice of discovery and inspection of certain plans, reports and records of the

respondent City of New York and struck said notice. Order reversed, without costs or disbursements, and plaintiffs' motion is granted, but limited to that period of time commencing with the placing of the metal grating on the roadway. Furthermore Item No. 6 of the notice of discovery and inspection is stricken, Item No. 1 is limited to those plans which pertain to the immediate work performed on the highway which resulted in the grating being placed thereon, and the additional material sought in the reply affirmation of plaintiffs' attorney, dated August 19, 1981 is stricken. Item No. 6, which sought to examine the print-out at police headquarters of all accidents at the location in question must be stricken. The information sought in Item No. 6 is found in Item Nos. 3, 4, and 5. Item No. 1, which sought highway plans, should be limited to those plans which pertain to the immediate work performed on the highway which resulted in the grating being placed thereon. In its original form Item No. 1 was overly broad (cf. *Matter of Rosenberg v Brooklyn Union Gas Co.*, 80 AD2d 834) and was improper since it did not contain the specificity required by statute (see CPLR 3120, subd [a], par 1, cl [i]). Plaintiffs moved, pursuant to CPLR 3124, to compel disclosure. There is no provision in this section for service of a notice for additional discovery and inspection material. Therefore, the material sought in plaintiffs' reply affirmation dated August 19, 1981 must be stricken. Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.